UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY D. BARGER III, | Case No. 1:19-cv-00577-JDP |
| Petitioner, | FINDINGS AND RECOMMENDATIONS THAT PETITION BE DISMISSED FOR LACK OF JURISDICTION |
| v. | |
| CALIFORNIA, et al., | ECF No. 1 |
| Respondent. | ORDER DENYING (1) MOTION TO APPOINT COUNSEL AND (2) MOTION FOR DISCOVERY |
| | ECF No. 10 |

Petitioner Sonny D. Barger III, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner does not challenge his conviction or his sentence. Instead, he claims that the California Department of Corrections and Rehabilitation ("CDCR") wrongfully denied him access to his inmate record, failed to protect him from an attack by his cellmate, and gave him inadequate medical care. This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. *See* R. Governing Section 2254 Cases, Rule 1(b); 28 U.S.C. § 2243. Under Rule 4, we must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. We recommend that the

1

petition be dismissed for lack of jurisdiction. Petitioner could, however, seek relief by filing a 42 U.S.C. § 1983 claim.

**Discussion**

Under § 2254, a writ of habeas corpus is available to state prisoners challenging the fact or duration of their confinement. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994). In contrast, if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," the court lacks jurisdiction under this provision. *See Nettles v. Grounds*, 830 F.3d 922, 935-37 (9th Cir. 2016). "Requests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

Here, petitioner complains of an "attempt on his life." ECF No. 10 at 2. He alleges that his cellmate attacked him, causing a crushed windpipe, partial paralysis, and other injuries. ECF No. 1 at 9. Petitioner complains of poor medical care in prison. *Id*. at 21. He seeks an "Olsen Review"—an opportunity to view inmate records. ECF No. 1 at 13; *see Olson v. Pope*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974). He also requests the return of his law books and other documents. *Id*. at 14. Because petitioner does not challenge the fact or duration of his confinement, his claims are not cognizable under § 2254 and should be dismissed for lack of jurisdiction.

We next consider whether to convert the petition into a § 1983 complaint. "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Nettles*, 830 F.3d at 936 (remanding case to district court to consider claim under § 1983). When filing a § 1983 claim, courts require plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform

2

an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). There is no *respondeat superior* liability—i.e., liability of a supervisor for acts of a supervisee. Each defendant is only liable for his or her own misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).

We decline to convert the petition into a § 1983 complaint for two reasons. First, the complaint is not amenable to conversion on its face. Petitioner's allegations of the attack, his request for an Olsen review, and his complaints about his medical care are too conclusory to state a § 1983 claim. Petitioner has named the state of California, the United States, and the CDCR Director of Operations as respondents; petitioner has not named the people who directly committed the affirmative acts or omissions that violated his rights. Second, conversion may be unfair to petitioner. The filing fee for a habeas corpus petition is $5—and if leave to proceed *in forma pauperis* is granted, the fee is forgiven. For civil rights cases, however, the filing fee is $350 plus a $50 administrative fee. Under the Prisoner Litigation Reform Act, petitioner would be required to pay the $350 filing fee, even if granted *in forma pauperis* status, by way of deductions from his trust account. *See* 28 U.S.C. § 1915(b)(1). If we were to convert this action into a § 1983 action, petitioner would face the larger filing and administrative fees—and, with this in mind, he might prefer not to file.

While we decline to convert the petition, petitioner remains free to file a § 1983 complaint. A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Iqbal*, 556 at 678. If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc)

3

(citations omitted). The complaint must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Additionally, petitioner moves for the appointment of counsel, stating that his medical issues prevent him from representing himself. ECF No. 10 at 1-2. A petitioner in a habeas proceeding does not have an absolute right to counsel. *See Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958) ("The Sixth Amendment has no application here . . . ."). There are three specific circumstances in which appointment of counsel is required in habeas proceedings. First, appointment of counsel is required for an indigent person seeking to vacate or set aside a death sentence in post-conviction proceedings under 28 U.S.C §§ 2254 or 2255. *See* 18 U.S.C. § 3599(a)(2). Second, appointment of counsel may be required if an evidentiary hearing is warranted. *See* R. Governing § 2254 Cases 8(c). Third, appointment of counsel may be necessary for effective discovery. *See id.* at 6(a). None of these situations is present here.

We are further authorized to appoint counsel for an indigent petitioner in a habeas corpus proceeding if we determine that the interests of justice require the assistance of counsel. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B). However, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196. In assessing whether to appoint counsel, the court evaluates the petitioner's likelihood of success on the merits as well as the ability of the petitioner to articulate his claims without counsel, considering the complexity of the legal issues involved. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

We cannot conclude at this point that counsel is necessary to prevent a due process violation. The legal issues currently involved are not exceptionally complicated, petitioner is able to articulate his claims, and petitioner has not demonstrated a likelihood of success on the merits. Accordingly, we find that appointed counsel is not necessary to guard against a due process violation and that the interests of justice do not require the appointment of counsel at this time.

Finally, petitioner moves for discovery. ECF No. 10 at 1. A habeas petitioner, "unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Under Rule 6(a) of the Rules Governing Section 2254 Cases, a federal district court may authorize discovery in a habeas proceeding for good cause. *See Bracy v. Gramley*, 520 U.S. 899, 908 (1997). Good cause exists if "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed," demonstrate entitlement to habeas relief. *Smith v. Mahoney*, 611 F.3d 978, 996-97 (9th Cir. 2010). However, "bald assertions and conclusory allegations" do not "provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who wishes to seek such discovery." *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987) (citing *Wacht v. Cardwell*, 604 F.2d 1245, 1246 n.2 (9th Cir. 1979)).

Here, petitioner seeks documents related to the instant case and his CDCR medical records. At this early stage, petitioner cannot show that good cause exists for discovery. Petitioner has not made specific allegations that, if fully developed, would demonstrate that he is entitled to habeas relief. Therefore, we deny his motion for discovery without prejudice.

**Order**

The clerk's office is directed to send petitioner a § 1983 complaint form. The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

**Findings and Recommendations**

We recommend that the court dismiss the petition and decline to issue a certificate of appealability. Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, we submit the findings and recommendations to the U.S. district court judge presiding over the case. Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     February 9, 2020                                          /s/ Jeremy Peterson
                                                              UNITED STATES MAGISTRATE JUDGE

No. 206.